IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **MEHMET EGE,** | |
| Petitioner, | |
| v. | No. 13-1110 |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** | |
| and | |
| **TRANSPORTATION SECURITY ADMINISTRATION,** | |
| Respondents. | |

**PETITIONER'S MOTION TO SUPPLEMENT THE RECORD**

COMES NOW, Petitioner Mehmet Ege ("Ege"), by and through counsel, Charles A. Zdebski and Eckert Seamans Cherin & Mellott, LLC, and pursuant to Fed. R. App. P. 27, respectfully moves this Court for the Entry of an Order Supplementing the Record in this matter. In support thereof, Petitioner states as follows:

1. This proceeding is an administrative agency appeal from a January 22, 2013 Transportation Security Administration's decision ("TSA Letter") upholding the initial agency determination regarding the Petitioner.

2. Petitioner is a Canadian citizen and a licensed pilot employed by Emirates Airlines who seeks placement on the TSA "Master Crew List" to allow him to fly aircraft, or serve in the cockpit of aircraft, in or over United States airspace.

3. On June 24, 2013, Respondents filed a Motion to File Material Under Seal and *Ex Parte* along with a Certified Index of Record. In these pleadings, Respondents averred to the extent any documents do exist, which they cannot confirm or deny, any such documents would be "sensitive security information" and thus not accessible to Petitioner.

4. The Court granted this Motion. Petitioner has no knowledge what documents, if any, constitute the record in this matter. The only information shared with Petitioner to date is a May 24, 2013 one-page TSA Letter denying Petitioner's appeal of the original TSA decision. The TSA letter constitutes the underlying decision and is the basis for this appeal was filed.

5. Petitioner requests the Court's approval to supplement the record to provide additional documents to aid the Court beyond the one page underlying decision. In light of Respondent's refusal to even admit whether any other documents exist Petitioner seeks to ensure that the record accurately reflects Petitioner, and his past and experience.

6. Specifically, Petitioner seeks to supplement the record with the following documents: (1) Petitioner's Canadian Airline Transport Pilot License; (2) Petitioner's United Arab Emirates ("UAE") Airline Transport Pilot License; (3) Petitioner's UAE employment letter; (4) Petitioner's *curriculum vitae*; (5) Petitioner's pilot log book for the previous seven years; (6) Petitioner's clearance letter from the Australian government; and (7) Petitioner's Canadian passport.

7. These documents will aid the Court in determining whether or not the TSA Letter was arbitrary and capricious, an abuse of discretion, or not based on substantial evidence.

8. "We do not allow parties to supplement the record unless they can demonstrate unusual circumstances justifying a departure from this general rule." *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008) (internal quotations omitted).

9. Review is limited to the record except when the "record is so bare that it prevents effective judicial review." *Commercial Drapery Contrs. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998).

10. The facts surrounding this case are consistent with precedent supporting a departure from the general rule. As noted *supra*, Petitioner has no ability to access or review the documents or information in his file that the TSA relied

upon to determine his status. He does not know what, if anything, constitutes the agency record. These unusual circumstances justify the supplementation of the record. The record could be so bare so as to prevent judicial review and supplementation will ensure this is not the case. Without oversight, and a fully supported factual record, Petitioner's ability to work and travel may be forever harmed.

11. "[T]he courts have developed a number of exceptions countenancing use of extra-record evidence … [including] (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage. *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989).

12. Several of the *Esh* factors are applicable here. First, it is unknown to the Petitioner if the agency action is adequately explained in the record before

4

the court. The agency record could be zero pages or it could be 500 pages. The publicly available information sent to Petitioner is insufficient on its face to support the agency's decision. For this reason, Petitioner seeks supplementation to ensure due process.

13. Second, Petitioner has no knowledge of what factors or information the agency considered as it made its decision. Supplementation is necessary because the documents Petitioner seeks to supplement are relevant to whether or not the final agency decision was arbitrary and capricious, an abuse of discretion, or not based on substantial evidence. The documents that Petitioner seeks to supplement will provide the Court with a full picture of Petitioner and will ensure the Court has a complete record before it makes its decision. For this second independent reason, Petitioner respectfully asks the Court for an Order allowing supplementation of the record.

14. Third, this case is a complex case. Petitioner is a Canadian citizen who has been independently reviewed and approved to pilot aircraft by government officials in Canada, Australia, Turkey, and the UAE. The United States has yet to state why Petitioner is cleared by these allied and friendly governments, but not the United States. The requested supplementation will provide the Court with the full factual picture to ensure that it understands

5

the issues clearly. For this third reason, Petitioner respectfully asks the Court for an Order allowing supplementation of the record.

15. On October 4, 2013, at approximately 2:45 pm, counsel for Petitioner called Respondents' counsel and left a voice message seeking consent for this Motion. This message has not been returned as of the date of this filing. Counsel believes that Respondents' lack of a return message is directly related to the ongoing government furlough.

WHEREFORE, Petitioner respectfully requests this Court enter an Order permitting Petitioner to supplement the record with the aforesaid additional materials to aid the Court in its review of the agency decision.

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: _____/s/ Charles A. Zdebski
Charles A. Zdebski
1717 Pennsylvania Ave., NW
Suite 1200
Washington, DC 20006
Tel: (202) 659-6600
Fax: (202) 659-6699
*czdebski@eckertseamans.com*

Date: October 16, 2013

# CERTIFICATE OF SERVICE

      I hereby Certify that on October 16, 2013, I electronically filed the foregoing Motion to Supplement the Record with the Clerk of the Court and served the following counsel through the appellate CM/ECF system:

Mark B. Stern, Esquire
Sharon Swingle, Esquire
Catherine H. Dorsey, Esquire
Department of Justice
Civil Division
Appellate Staff Attorneys
950 Pennsylvania Ave., N.W.
Room 7236
Washington, D.C. 20530
*Counsel for Respondents*

/s/   Charles A. Zdebski
Charles A. Zdebski