IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **MEHMET EGE,** <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF HOMELAND SECURITY,** <br><br> and <br><br> **TRANSPORTATION SECURITY ADMINISTRATION,** <br><br> Respondents. | No. 13-1110 |

**PLAINTIFF'S OPPOSITION TO RESPONDENTS' MOTION TO FILE BRIEF AND ADMINISTRATIVE RECORD UNDER SEAL AND *EX PARTE*, OR IN THE ALTERNATIVE, CONSENT MOTION FOR AN EXTENSION OF TIME FOR PETITIONER TO FILE A REPLY**

Petitioner Mehmet Ege ("Ege"), by and through counsel, Charles A. Zdebski and Eckert Seamans Cherin & Mellott, LLC, and pursuant to Fed. R. App. P. 27(a)(3)(A), respectfully requests that this Court enter an Order denying Respondents' Motion to File their Brief and Administrative Record Under Seal and *Ex Parte,* or in the alternative, granting Petitioner 30 days from the filing of Respondents' redacted brief to file a Reply. In support hereof, Petitioner states as follows.

1. Respondents seek the extraordinary right to present and argue the law and the facts wholly outside the Petitioner's knowledge. They want, to be clear, secret briefing. This, however, is a proceeding subject to well-recognized and long standing processes – an administrative agency appeal from a January 22, 2013 Transportation Security Administration's decision upholding the initial agency determination regarding the Petitioner.

2. On November 1, 2013, Petitioner filed his brief.

3. On December 16, 2013, Respondents filed their Motion to File their Brief and Administrative Record Under Seal and *Ex Parte* ("Resp't. Mot.")

4. Respondents claim the administrative record and their brief contain "sensitive security information" ("SSI") which cannot be disclosed to the petitioner or the public. Resp't. Mot. at 1-2. They further claim that they can neither confirm nor deny whether the record contains records from the Terrorist Screening Center ("TSC"), whether or not Petitioner is on the Terrorist Screening Database ("TSDB") or whether record documents meet the vague standard of being "typically classified or protected by the law enforcement privilege." Id. at 4-5.

5. However, in violation of Fed. R. App. P. 27(a)(2)(A), Resp't Mot. does not contain any legal argument to support the relief sought. No rule of appellate procedure is cited nor any case law supporting the relief Respondents' seek; one-sided, *ex parte* briefing of an appeal.

6. "…[A]ccess [to judicial records] may be denied only if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires. The court's discretion must clearly be informed by this country's strong tradition of access to judicial proceedings. In balancing the competing interests, the court must also give appropriate weight and consideration to the presumption however gauged in favor of public access to judicial record." *In re Nat. Broad. Co., Inc.*, 653 F.2d 609, 613 (D.C. Cir. 1981) (internal quotations and citations omitted). Respondents have also made no attempt to show why any record documents are subject to a "law enforcement privilege" or "classified."

7. In the case *sub judice*, it is not the public that seeks access, but rather the Petitioner himself. In addition, he seeks access not simply to generic judicial records, but to the records proving or disproving issues and arguments in this very matter. Justice requires that the Petitioner be allowed to fully review Respondents' Brief so that he may properly draft a reply that addresses the merits of that Brief. Justice also requires that Petitioner see or know of at least some of the information in the record. Surely, not every word and piece of paper in the government's possession must be kept secret.

8. There is a presumption in favor of public access to judicial records. *Id. Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 (1978). Respondents cite to no appellate rule or jurisprudence from this circuit to overcome this presumption. Rather, they make a bald assertion that the record material contains SSI and thus it is improper for petitioner to see the materials that specifically oppose his opening brief.

9. Moreover, it is axiomatic that "[t]he public has a fundamental interest in 'keeping a watchful eye on the workings of public agencies.'" *S.E.C. v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013) (citing *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 905 (D.C. Cir. 1996)).

10. Respondents are two such public agencies. More than just the "public," the Petitioner has been specifically aggrieved by these agencies. The agencies, however, refuse to disclose to the Petitioner their grounds for aggrieving him.

11. Respondents have made no showing to overcome the fundamental law and presumptions of openness and fairness in this Circuit. Their motion must be denied.

12. In the alternative, should the Court grant Resp't. Mot., Petitioner requests that the Court enter an Order granting Petitioner 30 days from the date Respondents' file their redacted brief to file a Reply. On January 7, 2014,

undersigned conferred with counsel for Respondents Sharon Swingle, via telephone and Respondents consented to Petitioner's request for such an order.

WHEREFORE, Petitioner respectfully requests this Court an Order denying Respondents' Motion to File Brief for Respondents and Administrative Record Under Seal and *Ex Parte*, or in the alternative, an Order granting Petitioner 30 days from the filing of Respondents' redacted brief to file a Reply, and any other relief this Court deems just and proper.

    Respectfully submitted,

    **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By:    */s/ Charles A. Zdebski*
Charles A. Zdebski (#451075)
1717 Pennsylvania Ave., NW
Suite 1200
Washington, DC 20006
Tel: (202) 659-6600
Fax: (202) 659-6699
*czdebski@eckertseamans.com*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 13, 2014, I electronically filed the foregoing Opposition to Respondents' Motion to File Brief and Administrative Record Under Seal and *Ex Parte* or in the alternative, consent motion for an extension of time for petitioner to file a Reply, with the Clerk of the Court and served the following counsel through the appellate CM/ECF system:

      Mark B. Stern, Esquire
      Sharon Swingle, Esquire
      Catherine H. Dorsey, Esquire
      Department of Justice
      Civil Division
      Appellate Staff Attorneys
      950 Pennsylvania Ave., N.W.
      Room 7236
      Washington, D.C. 20530
          *Counsel for Respondents*

      /s/　Charles A. Zdebski