

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7250
Washington, DC 20530

MBS:SSwingle

Sharon Swingle     Tel: (202) 353-2689
Sharon.Swingle@usdoj.gov     Fax: (202) 514-8151

September 25, 2014

Mr. Mark Langer
Clerk of the Court
U.S. Court of Appeals for the
   District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue N.W.
Washington, DC  20001

     RE:   *Ege v. U.S. Dep't of Homeland Security,* No. 13-1110 (D.C. Cir.)
            Oral argument held on Sept. 19, 2014, before
            Judges Henderson, Rogers and Kavanaugh

Dear Mr. Langer:

     Petitioner's recent 28(j) letter references *Latif v. Holder,* No. 3:10-cv-750 (D. Ore. June 24, 2014).

     *Latif* is factually distinguishable in two key respects.  First, the *Latif* plaintiffs are U.S. citizens.  *See* slip op. 6, 13-14.  In contrast, petitioner Ege is a non-resident alien who has not shown the existence of any presence or property in this country.  Under this Court's precedents, he has no due process rights. *Kiyemba v. Obama*, 555 F.3d 1022, 1026 (D.C. Cir. 2009); *People's Mujahedin Org. of Iran v. U.S. Dep't of State,* 182 F.3d 17 (D.C. Cir. 1999).

     Second, the *Latif* court's due process analysis emphasized the significant burdens claimed to result from the plaintiffs' asserted No-Fly status, including "a complete and indefinite ban on boarding commercial flights," "long-term separation from spouses and children," "loss of government entitlements,"

difficulty returning home to the United States, and in some cases "extensive detention and interrogation at the hands of foreign authorities." Slip op. at 27-30. Petitioner has not claimed to suffer from any comparable burden; by his own account, he flies "all over the world" as an Emirates Airlines pilot and resides with his wife and young children in Dubai and the United Kingdom. Brief for Petitioner 18, 12.

The decision is also at odds with this Court's decisions and, indeed, the *Latif* court specifically noted that Ninth Circuit precedent might be inconsistent with this Court's cases. Slip op. 57. The district court sought to distinguish *Jifry v. FAA*, 370 F.3d 1174 (D.C. Cir. 2004), on the ground that the pilots in *Jifry* were given "notice of the reasons for their placement on the No-Fly List" and "evidence to support their inclusion." Slip op. 59. But, as this Court recognized, the pilots in *Jifry* did not receive any information about "the factual basis for TSA's determination" or "the specific evidence on which TSA relied." 370 F.3d at 1178, 1184.

Sincerely,

/s/ Sharon Swingle

Sharon Swingle

cc:   Plaintiffs-appellants (via CM/ECF)